The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, Arkansas 72455
Dear Senator Wilson:
This is in response to your request for an opinion concerning the fees chargeable for filing foreign judgments in Arkansas. You note that there is an apparent conflict between Acts 501 and 534 of 1989 on the question. Act 501 authorizes the same fee that would be paid for the filing of a civil action, (in Randolph County $60.75), and Act 534 authorizes a $6.00 fee. In light of this conflict, your specific questions are as follows:
 In light of Act 501 and Act 534, should the clerk of the Randolph County Circuit Court charge a filing fee of $60.75 or $6.00 for filing a judgment from a municipal court or small claims court of an Arkansas municipality or another court of this State? Should the clerk of the Randolph County Circuit Court charge a fee of $60.75 or $6.00 for filing a judgment from a court of another state or the United States?
You have posed two questions. The first concerns the situation in which a municipal court judgment, small claims court judgment, or other judgment from a court of this state is filed with the circuit clerk. It should be noted that these judgments are not "foreign judgments". Thus, neither Act 501, nor A.C.A. 21-6-306
(2)(E), as amended by Act 534 of 1989 is applicable. "Foreign judgment" is defined in Act 501 as any "judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Black's Law Dictionary (5th ed. 1979) defines a foreign judgment as "one rendered by the courts of a state or country politically and judicially distinct from that where the judgment or its effect is brought in question. One pronounced by a tribunal of a foreign country, or of a sister state." Black's, supra at p. 756. These judgments are thus not subject to the fees set out in Acts 501 and 534 of 1989. It appears that these types of filings are subject to a three dollar fee as set out in A.C.A. 16-65-117 (Supp. 1989).
With regard to your second question which involves the filing of true "foreign judgments", please note that I have enclosed a copy of Opinion No. 89-296, recently issued by this office, which I believe satisfactorily answers your question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb